IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

SAMUEL HARRIS,

    Plaintiff,

vs.                                            CASE NO. 4:05CV422-MMP/AK

PRESIDENT GEORGE BUSH,
et al,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated within the Florida Department of Corrections, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff has not submitted a motion for leave to proceed in forma pauperis or a financial affidavit, but he is not entitled to proceed *in forma pauperis* because he has incurred at least three "strikes."

The Prison Litigation Reform Act of 1995 (PLRA), provides that a prisoner may not bring a civil action *in forma pauperis* under 28 U.S.C. § 1915 if:

> . . . the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or

fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff has had three prior prisoner actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim.  Plaintiff received his "third strike" in Case No. 1:04CV414-MMP/AK for filing a frivolous complaint asserting claims which has been previously dismissed in Harris v. Crist, Case No. 1:03CV169-MMP/AK, and in Harris v. State Attorney's Office, Case No. 1:04CV02-MMP/AK.

The instant complaint has been reviewed enough to discern that Plaintiff does not allege he is in "imminent danger," as required by 28 U.S.C. § 1915(g).

Because Plaintiff has had three prior dismissals which count as "strikes" and he is not under imminent danger of serious physical injury, this case must be dismissed.  If Plaintiff desires to once again bring this case, he must pay the Court's full $250.00 filing fee, in one lump sum, "at the time he initiates suit."  Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001).  Plaintiff is not entitled to simply pay a filing fee after being denied leave to proceed in forma pauperis; the fee must be paid when submitting a complaint.  Dupree v. Palmer, (11th Cir. 2002).  Under clear direction from the Eleventh Circuit Court of Appeals, this case must be summarily dismissed.

In light of the foregoing, it is respectfully **RECOMMENDED** that this case be **DISMISSED without prejudice** as Plaintiff is not entitled to bring this case without payment of the filing fee and he did not submit payment at the time he submitted his complaint.

**No. 1:04cv414-mmp/ak**

**IN CHAMBERS** at Gainesville, Florida, this **15th** day of November, 2005.

          **s/ A. KORNBLUM**
          **ALLAN KORNBLUM**
          **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

**No. 1:04cv414-mmp/ak**